## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

LEVONIA TIDWELL GRAY,
ADC #079784                                                                                      PLAINTIFF

v.                                          5:18-cv-00277-KGB-JJV

JAMES GIBSON, Warden,
Varner Unit, ADC; *et al.*                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     INTRODUCTION**

Levonia Tidwell Gray ("Plaintiff") is a prisoner in the Arkansas Department of Correction. (Doc. No. 4.) On January 18, 2018, he was attacked by several inmates at the Varner Unit, resulting in a fractured cheekbone, broken jaw, and a split tongue that required stitches. (*Id.*) Immediately after the attack, Plaintiff was transferred to the Ouachita River Unit, which is where he is currently incarcerated. (*Id.*) Plaintiff has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant Correctional Officer Carmelita Haynes violated his constitutional rights by failing to protect him from the attack and that Defendant John Doe, who is an unknown doctor at the Ouachita River Unit, failed to provide him with constitutionally adequate medical care for his injuries.[1] (*Id.*) Plaintiff, who brings these claims against Defendants in their official and individual capacities, seeks monetary relief as well as a reduction in his sentence. (*Id.* at 6.)

---

[1] I have issued two Partial Recommended Dispositions suggesting Plaintiff's claims against Defendants Gibson, Kelley, Payne, and Dr. Gray be dismissed without prejudice for failure to state a claim upon which relief may be granted. (Doc. Nos. 10, 27.)

Defendant Haynes has filed a Motion to Dismiss and a Supporting Brief arguing she is entitled to dismissal based on the doctrines of sovereign and qualified immunity. (Doc. Nos. 34, 35.) Plaintiff has filed a Response. (Doc. No. 36.) After careful consideration and for the following reasons, I conclude the Motion to Dismiss should be GRANTED, and Plaintiff's failure to protect claim against Defendant Haynes be DISMISSED.

The time for Plaintiff to provide Defendant Doe's name and service address has expired. Thus, I also recommend Plaintiff's inadequate medical care claim against Defendant Doe be DISMISSED due to a lack of service and that this case be closed.

## II.    DEFENDANT HAYNES'S MOTION TO DISMISS

### A.    Rule 12(B)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to

the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 557).

B.     **Official Capacity Claim**

Defendant Haynes argues she is entitled to sovereign immunity on the failure to protect claim raised against her in her official capacity. The doctrine of sovereign immunity, which is derived from the Eleventh Amendment, precludes the recovery of monetary damages from state officials acting in their official capacities, unless the state has waived its immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989*)*; *Kruger v. Nebraska*, 820 F.3d 295, 301(8th Cir. 2016). Defendant Haynes is a state official. And, the State of Arkansas has not waived its Eleventh Amendment immunity. *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991). Thus, I

4

conclude Defendant Haynes is entitled to sovereign immunity on Plaintiff's request for monetary damages against her in her official capacity.

Sovereign immunity does not apply to a request for prospective injunctive relief. *Larson v. Kempker,* 414 F.3d 936, 939-40 (8th Cir. 2005); *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997). But, the injunctive relief Plaintiff seeks, *i.e.,* a reduction of his sentence, is unrelated to his failure to protect allegation against Defendant Haynes. *See* 18 U.S.C. § 3626 (prospective injunctive relief "in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff"). And, a change in the length of Plaintiff's sentence can only be obtained in a federal habeas action, and not a § 1983 action, after he has exhausted all of his state court remedies. *Muhammad v. Close,* 540 U.S.749 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Thus, I recommend Plaintiff's official capacity claim seeking monetary damages and injunctive relief against Defendant Haynes be dismissed with prejudice.

    **C.**    **Individual Capacity Claim**

Defendant Haynes argues qualified immunity prevents Plaintiff from recovering monetary damages from her in her individual capacity. Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). "Because qualified immunity protects officers from suit, not merely from liability, courts should resolve immunity questions at the earliest possible stage in litigation," and it is appropriate to do so in a motion to dismiss. *Waters v. Madson*, 921 F.3d 725, 735 (8th Cir.

2019). Defendant Haynes is entitled to qualified immunity if: (1) the facts, as alleged in the Amended Complaint, do not state a constitutional violation; or (2) the alleged constitutional right was not clearly established at the time of the alleged violation, such that a reasonable official would not have known her actions were unlawful. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Waller,* 921 F.3d at 735.

Plaintiff claims Defendant Haynes violated the Eighth Amendment by failing to protect him from harm. To defeat qualified immunity and plead a viable failure to protect claim, Plaintiff's Amended Complaint must contain facts suggesting: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, Defendant Haynes knew of and disregarded that substantial risk of serious harm. *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018); *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002).

In his Amended Complaint, Plaintiff says the January 18, 2018 attack was a surprise. *See Schoelch v. Mitchell*, 625 F.3d 1041, 1047-48 (8th Cir. 2010) (finding no liability when jailers failed to prevent a surprise attack on a detainee); *Tucker v. Evans*, 276 F.3d 999, 1001-02 (8th Cir. 2002) (granting qualified immunity to prison officials who did not prevent a surprise attack). His theory of liability is that Defendant Haynes (who was originally named as "Jane Doe") should have intervened to stop the attack sooner. Plaintiff believes if she had done so, his injuries would have been less severe. Specifically, in the Amended Complaint, Plaintiff says:

> I could have possibly been beaten to death had it not been for an inmate who beat on the barracks door to get Jane Doe's attention to inform her of the assault. I was ask[ed] to show how Jane Doe is liable, when her job description [says] she is security which is to serve and protect those inmates to whom she is charged as a ward over. And that is accomplished by proper training that she should have received and protocol. But Jane Doe was nowhere to be found.


(Doc. No. 4 at 5.)   Similarly, in his Response to the Motion to Dismiss, Plaintiff says Defendant Haynes acted with deliberate indifference by "abandoning her post" despite the "potential danger that runs rampant at the ADC Varner Unit."   (Doc. No. 36 at 1-2.)

Prison officials have a constitutional duty to take reasonable measures to stop an attack of which they are actually aware.   *Walton v. Dawson*, 752 F.3d 1109, 1123 (8th Cir. 2014); *Cohrs v. Norris*, No. 99-1571, 2000 WL 433986, *2 (8th Cir. Apr. 24, 2000) (unpublished opinion); *Williams v. Mueller,* 13 F.3d 1214, 1216 (8th Cir. 1994).   But, here Plaintiff alleges Defendant Haynes was *unaware* of the attack because she left her post at the barracks door.   A constitutional claim cannot be premised on negligence or even gross negligence.   *Patterson,* 902 F.3d at 852; *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003).   Instead, to rise to the level of deliberate indifference, there must be facts suggesting Defendant Haynes was actually aware Plaintiff was being attacked but did nothing to try to stop it.   *See Schoelch,* 625 F.3d at 1046 (prison officials must have actual knowledge to be deliberately indifferent); *Tucker,* 276 F.3d at 1002 (guard's failure "to properly supervise the barracks" was not enough to establish deliberate indifference); *Williams*, 13 F.3d at 1216 ("A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault").

Defendant Haynes's allege failure to "alleviate a significant risk" that she "should have perceived but did not, while no cause for commendation" cannot be the basis for a constitutional claim.   *See Farmer v. Brennan,* 511 U.S. 825, 838 (1994).   While I do not condone Defendant Haynes's alleged failure to be at her post, the law is well settled that negligent or even grossly negligent conduct is not enough to support a constitutional claim.   Thus, I conclude Defendant

Haynes is entitled to qualified immunity, and I recommend the failure to protect claim raised against her, in her individual capacity, be dismissed without prejudice.

IV.     **LACK OF SERVICE ON DEFENDANT DOE**

On November 29, 2018, Plaintiff filed his Amended Complaint naming Defendant Dr. John Doe.  (Doc. No. 4.)   On December 5, 2018, I informed Plaintiff he had ninety (90) days to provide Defendant Doe's correct name and service address, and I advised him that his claims against Doe would be dismissed if he failed to timely do so.   (Doc. No. 5.)   On June 11, 2019, I gave Plaintiff a thirty (30) day extension to provide that information.   (Doc. No. 28.)   As of the date of this Recommendation, Plaintiff has not provided Defendant Doe's name or service address, and the time to do so has expired.   For this reason, I recommend Plaintiff's inadequate medical care claim against Defendant Doe be dismissed without prejudice.   *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant"); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (it is the prisoner's responsibility to provide a valid service address for each defendant).

If these recommendations and those made in the pending Partial Recommended Dispositions are adopted, this case should be closed because all claims raised in the Amended Complaint will be dismissed.

V.      **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.      Defendant Haynes's Motion to Dismiss (Doc. No. 34) be GRANTED.

2.      Plaintiff's official capacity claim against Defendant Haynes be DISMISSED with prejudice, and his individual capacity claim against her be DISMISSED without prejudice.

3. Plaintiff's inadequate medical care claim against Defendant Doe be DISMISSED without prejudice due to a lack of service.

4. This case be closed.

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 16th day of July 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE